## JOE H. WINGATE V. STATE.

No. 25,800. April 9, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) May 21, 1952.

Hon. Phil Peden, Judge Presiding.

*John E. Cahoon,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault with an automobile; the punishment, four months in jail and a fine of $500.

According to the state's testimony, appellant was driving an Oldsmobile car in an easterly direction, and as he approached several cars traveling in the opposite direction, he left the pavement on the left of the road, then crossed the pavement to his side of the road, and then came back out of the ditch across the center of the highway and struck one of the approaching cars causing serious injuries to the the occupant named in the complaint and information.

A half-filled bottle of whisky was found in appellant's car and some of the witnesses testified that they smelled liquor on his breath and expressed the opinion that he was intoxicated.

Appellant testified that the approaching car with which he collided crossed onto his side of the road just prior to the

collision, causing him to lose control of his fast moving car. He denied that he had consumed any alcoholic drink except for a bottle of beer he drank some time before. He explained the presence of the partly filled whisky bottle by saying that his companion, who also was injured on the occasion, was drinking from the bottle and was asleep or intoxicated at the time of the collision.

Occupants of the several approaching cars denied that the car which appellant struck had left its side of the highway.

The jury accepted the state's version of the collision, and the evidence sustains their verdict.

There was no error in permitting testimony as to injuries to persons other than the injured party named in the information, such injuries having resulted from the same collision.

Appellant having testified that he was the driver of the Oldsmobile, and that he lost control thereof, is in no position to complain of the officer's testimony as to his statement to that effect made shortly after the collision and during the investigation thereof.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.